UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CARMAN Y. WILLIAMS,

              Plaintiff,

      -against-

FLORENTINO HERNANDEZ, Chair,
NEW YORK CITY HOUSING AUTHORITY;
NEW YORK CITY HOUSING AUTHORITY;
DEAN ROBINSON; GLORIA BUSH;
NEW YORK CITY HOUSING AUTHORITY –
Agents, employees, successors and assigns and
all others in active concert with them,

              Defendants.

------------------------------------------------------------------X

**ORDER**

08 Civ. 3858 (RWS)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/08
```

      Plaintiff, appearing *pro se*, has submitted an Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order ("Order to Show Cause") with her complaint, wherein she seeks unspecified immediate injunctive relief, and an order from the Court scheduling a hearing and directing that expedited discovery take place. Granting Plaintiff's Order to Show Cause the liberal interpretation that *pro se* submissions are due, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), it appears that Plaintiff has submitted the Order to Show Cause in response to notification she has received that the continuation of her public housing tenancy is under review by Defendant New York City Housing Authority ("NYCHA"). Plaintiff has attached to the Order to Show Cause a copy of a letter sent to her by Defendant Robinson, a Housing Manager employed by Defendant NYCHA, wherein Plaintiff is informed of Defendant NYCHA's review of the continuation of Plaintiff's tenancy, and that she will be given the opportunity to appear at a hearing before a final decision is made with respect to such review.

1

In order to obtain preliminary injunctive relief, Plaintiff must show: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." MyWebGrocer, LLC v. Hometown Info, Inc., 375 F.3d 190, 192 (2d Cir. 2004) (quoting Merkos L'inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc., 312 F.3d 94, 96 (2d Cir. 2002) (per curiam)) (internal quotation marks omitted). Plaintiff has failed to demonstrate that in the absence of any injunction issued by the Court, she will suffer irreparable harm, such as eviction. At this point, Plaintiff has merely been informed that Defendant NYCHA is reviewing whether to continue Plaintiff's tenancy and that before a final decision is made by Defendant NYCHA, Plaintiff will have the opportunity to appear at a hearing, where she can demonstrate why her tenancy should not be terminated. Therefore, the Order to Show Cause is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ROBERT W. SWEET
United States District Judge

Dated: 4.24.08
New York, New York

2